Mr. Justice Clayton
delivered the opinion of the court.
This was an action of replevin brought in the circuit court of Claiborne county, to recover certain slaves claimed as the property of the plaintiff in error. The facts on which the rights of the parties depend are briefly these. Charles B. Clarke was married to Salina Brazeale in the year 1S30, and the present plaintiff was born of that marriage. This marriage was dissolved by a divorce in November, 1835, and on the 1st of April, 1836, Mrs. Clarke married the defendant, McCreary. Brazeale, the father of this lady, died in 1834. By his will he ejected his slaves to be emancipated. This provision of his will was declared to be void, by the proper tribunal, in January, 1839; and in September, 1839, the negroes in controversy, upon the distribution of Brazeale’s estate, came into the possession of McCreary and wife. The latter died in 1842. The law called the “ woman’s law ” went into operation in April, 1839, before the possession of the slaves by McCreary’s wife.
The single question is, whether the property inured to her separate use under that statute, or whether their joint possession vested the title absolutely in the husband. To determine this, it will be necessary to inquire what were the rights of a husband in the property of his wife, before the passage of this act, and to consider what change has been made by the act.
By the common law, marriage operated as an absolute gift to the husband of all the personal chattels of the wife, which were in her possession at the time. With respect to such part of her personalty as is not in her possession, as debts due to the wife, and all that class of chattels denominated choses in action, these were a qualified gift by law to the husband, on condition .that he reduce them into possession during the coverture; for if he die in the lifetime of his wife without reducing such property into possession, she, and not his representatives, will be entitled to it. But if he survive her, then he, as her administrator, will be entitled to all her personal estate, which continued in action or unrecovered at her death. Co. Lit. 351 os, also note, 304; Clancy, Husb. & Wife, 4; Roper, 204. These principles are very plain and familiar, and, apart from the statute, would give the slaves to the husband.
*353 The clause of the statute which, it is contended, changes this rule, is as follows: “ When any woman, during coverture, shall become entitled to or possessed of slaves, by conveyance, gift, inheritance, distribution or otherwise, such slaves, together with their natural increase, shall inure and belong to the wife, as her separate property.” Hutch. (Miss.) Code, 497. The words “ possessed of,” must comprehend a state of case like the one before us, where, although the wife was entitled to a chose at the time of the marriage, it was not reduced to possession until afterwards. To prevent the consequences of this interpretation, ,it is insisted by the counsel of McCreary that, by his marriage, he acquired a vested right in these slaves, which could not be affected by subsequent legislation.
If the postulate be true, that the right was a vested one, then the conclusion necessarily follows. It becomes important, then, to inquire whether this was a vested right.
Clancy, as cited in argument, says, “that the personal property to which a woman may be entitled at the time 'of her marriage, or during it, oonoiato of three kinds, viz : chattels personal, choses in action, and chattels real, all of which the law vests in her husband.” But he immediately adds, “ the extent of his right to them varies, as his property in them is absolute or qualified, according to the nature of the personalty.” — p. 2. From this, and from the whole context, it appears to us that the term vest1 is not there employed in the comprehensive sense in which it is understood by the counsel. The husband’s right to the wife’s choses in action is immediately afterwárds said to be conditional. Mr. Fearne defines a vested right to be, “an immediate fixed right of present pr future enjoyment,” or where “ the interest does not depend on a period or an event that is uncertain.” Cont. Rem. 1. Chancellor Kent says, “An estate is vested, when there is an immediate right of present enjoyment, or a present fixed right of future enjoyment.” 4 Com. 202. But the discriminations between vested and contingent rights, especially •in regard to remainders, are very subtle and refined. It is more appropriate, therefore, to advert to the definition of the husband’s interest in the wife’s choses in action, to ascertain its true nature *354 and extent. It is a qualified right, upon condition that he reduce them into possession during the coverture. Roper, 204. This condition is manifestly a condition precedent, and it is indispensable that the condition precedent should take place before the estate can vest. 4 Kent, Com. 125. In this case the law was passed before the condition was performed, and intercepted the right of the husband.
If we look farther at the character of the interest, which the husband takes in the event of his surviving, it will be still more apparent that it is not a vested one. If a suit be necessary to recover the possession, such suit can only be maintained by him as her administrator. Clancy, 4, 11. . And when recovered they are, in his' hands, liable as assets to the payment of her debts. 2 Kent, Com. 145; Heard v. Stamford, 3 P. Wms. 409. This would not be the case, if the right were vested in the husband.
This view is farther illustrated by reference to what is usually termed the “wife’s equity.” It is one of the acknowledged powers of a court of equity, to compel the husband to make a settlement upon the wife, ■ívlientrvei lrc’comcs itilD eejuity for aid. to enable him to reduce her estate, which lies in action, into possession ; and this equity will be enforced in behalf of the wife, at her instance, when the husband is seeking to recover possession of her choses, either in the ecclesiastical courts or the courts of law. Clancy, 441, 463. Most certainly this jurisdiction could not be exercised, if the absolute right of property were vested in the husband. It would seem that what the courts of equity may do in such cases in particular instances, the legislature might provide for by general enactment.
In this aspect of the case the statute is not obnoxious to the charge, that it is retrospective. It does not purport to operate on rights absolutely vested, but on those, which, though inchoate, have not been consummated, and which, at most, were contingent and conditional.
The Supreme Court of the United States, in the case of Price v. Sessions, 3 How. U. S. R. 624, has placed the same construction upon this statute which we have here done. This gives us greater confidence in our conclusion.
*355 The charges of the court below, not being in conformity with this opinion, the judgment will be reversed, and the cause remanded for a new trial to be had, in accordance with the law as here stated.
Judgment reversed, and new trial granted.
A petition for a re-argument was filed, but refused.